Kerry M. L. Smith, OSB No. 88103
SMITH & FJELSTAD
722 N. Main Avenue
Gresham, Oregon 97030
Tel: (503) 669-2242
Fax: (503) 669-2249
smithandfjelstad@verizon.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA ROBINSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOT CLOUD 7, INC., d.b.a. 7-Eleven Store No. 16619 and ASGHAR ALI<br><br>                    Defendant. | Civ. No.<br><br>COMPLAINT<br><br>( 42 U.S.C. §1981; ORS 659A.403)<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. This is an action under 42 U.S.C. §1981, to correct unlawful practices on the basis of race and/or national origin, to vindicate the rights of plaintiff and other similarly situated persons to fair treatment and equal opportunities and to make plaintiff whole. Defendant failed and refused to sell items from defendant's store to Ms. Robinson based on Ms. Robinson's race and/or national origin.

/////

/////

PAGE 1 - COMPLAINT

2. This is also an action for violation of ORS 659A.403 for public accommodation discrimination based on Ms. Robinson's race, color, national origin and/or sex pursuant to the court's ancillary jurisdiction

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. §1391 because the claims arose in the District of Oregon and because plaintiff, Patricia Robinson, was, at all material times a resident of the State of Oregon.

4. The discrimination that plaintiff alleges occurred in the District of Oregon.

## PARTIES

5. Plaintiff Patricia Robinson is a citizen of the United States and the State of Oregon. She is Caucasian and American.

6. Defendant Got Cloud 7, Inc. is an Oregon Corporation authorized to do business in Oregon and does business in Oregon as 7-Eleven Store No. 16619.

7. Defendant Asghar Ali is, on information and belief, a citizen of the state of Oregon and at all material time was an employee and agent of Got Cloud 7.  Defendant Ali is, on information and belief, Arabic and not Caucasian

## STATEMENT OF FACTS

8. On or about July 8, 2103, Ms. Robinson went to defendant's place of business at 1430 NE 181st Ave., Portland, Oregon to purchase a cigar.  Ms. Robinson selected a cigar and approached the cash register to complete her purchase of the cigar.

/////

/////

PAGE 2 - COMPLAINT

9. Mr. Ali was working as the cashier for Got Cloud 7.  Mr. Ali requested Ms. Robinson's identification and, as Ms. Robinson was producing her identification, asked Mr. Ali why he wanted to see her identification.

10.  In response to Ms. Robinson's question, Mr. Ali responded with "suck my dick" or similar words.  In shock, Ms. Robinson requested Mr. Ali to clarify his statement and he responded with "suck my dick, bitch."  Mr. Ali repeated this statement to Ms. Robinson at least one additional time while she was at the cash register.

11.  Mr. Ali refused to sell the cigar to Ms. Robinson.  Ms. Robinson, as a result of Mr. Ali's conduct, was forced to leave the business without completing her purchase.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. §1981)

### (Against Both Defendants)

12. Plaintiff incorporates by reference the allegations of paragraphs 1 through 11.

13. Defendants, either directly or through their authorized agents, engaged in discriminatory practices against Ms. Robinson because of her race/national origin.

14. The result of defendants' actions was to deprive Ms. Robinson of the same right to make and enforce contracts as is enjoyed by all citizens of the United States.

15. Plaintiff is entitled to recover her non-economic damages in an amount to be proven at trial which, for purposes of this Complaint, are alleged not to exceed $100,000.00.

16. Ms. Robinson is entitled to punitive damages against defendant Got Cloud 7 in the amount of $100,000.00 and against defendant Ali in the amount of $25,00.00.

17. Ms. Robinson is entitled to a preliminary and permanent injunction prohibiting defendants and each of them, either directly or through agents, from interfering with the rights of Caucasians to utilize and shop at Got Cloud 7 and from interfering with the rights of citizens of the United States to make and enforce contracts at Got Cloud 7.

18. Ms. Robinson is additionally is entitled to recover her attorney fees and costs under 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

### (Violation of ORS 659A.403)

### (Against Got Cloud 7)

#### Count I

19. Ms. Robinson incorporates paragraphs 1 through 18.

20. Got Cloud 7 is a place of public accommodation as defined in ORS 659A.400 because Got Cloud 7 offers to sell goods and/or services to the public.

21. A substantial factor in the treatment Ms. Robinson received from Got Cloud 7 through Mr. Ali was Ms. Robinson's sex.

22. As a result of Got Cloud 7's conduct, Ms. Robinson suffered the damages alleged in paragraph 15.

23. Pursuant to ORS 659A.885 Ms. Robinson is entitled to recover her attorneys fees and costs. She is also entitled to recover her expert witness fees under ORS 20.107.

#### Count 2

24. Ms. Robinson incorporates paragraphs 19 and 20.

25. A substantial factor in the treatment Ms. Robinson received from Got Cloud 7 through Mr. Ali was Ms. Robinson's national origin.

26. As a result of Got Cloud 7's conduct, Ms. Robinson suffered the damages alleged in paragraph 15.

27. Pursuant to ORS 659A.885 Ms. Robinson is entitled to recover her attorneys fees and costs. She is also entitled to recover her expert witness fees under ORS 20.107.

### Count 3

28. Ms. Robinson incorporates paragraphs 19 and 20.

29. A substantial factor in the treatment Ms. Robinson received from Got Cloud 7 through Mr. Ali was Ms. Robinson's race.

30. As a result of Got Cloud 7's conduct, Ms. Robinson suffered the damages alleged in paragraph 15.

31. Pursuant to ORS 659A.885 Ms. Robinson is entitled to recover her attorneys fees and costs. She is also entitled to recover her expert witness fees under ORS 20.107.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes of action set forth above.

2. Grant a permanent injunction enjoining defendants, their owner(s), officers, management personnel, employees, agents, successors and assigns, and all persons in active concert or participation with defendant, from engaging in any practice that discriminates on the basis of race, national origin and/or sex.

3. Order defendants to carry out and institute policies, practices and programs providing for equal opportunities to all citizens and that affirmatively eradicate the effects of past and present unlawful practices.

4. Order defendants to make plaintiff whole by providing compensation for nonpecuniary losses, including physical and emotional pain and suffering, mental anguish, humiliation and embarrassment, and loss of enjoyment of life in the amount of $100,000.

5. Order defendants to pay plaintiff punitive damages on the 42 U.S. § 1981 claim in the sums noted in the complaint to deter them from engaging in similar conduct in the future.

6. Award plaintiff her litigation costs and her reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. §1988 as well as ORS 659A.885 and ORS 20.107.

7. Order defendant to pay prejudgment and post judgment interest on all amounts due to plaintiff as a result of this action.

8. Order such further or alternative relief in favor of plaintiff as the court deems just, equitable and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated: October 17, 2014.

SMITH & FJELSTAD

By: /s/ Kerry M. L. Smith
Kerry M. L. Smith, OSB #88103
Of Attorneys for Plaintiff Patricia Robinson